IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

SANDRA K. ELLIS                                                                    PETITIONER

v.                                                                                          No. 3:13CV157-D-A

MISSISSIPPI DEPARTMENT
OF CORRECTIONS, ET AL.                                                       RESPONDENTS

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Sandra K. Ellis for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has moved to dismiss the petition as untimely filed under 28 U.S.C. § 2244(d). Ellis has not responded to the motion, and the deadline for response has expired. The matter is ripe for resolution. For the reasons set forth below, the State's motion to dismiss will be granted and the petition dismissed as untimely filed under 28 U.S.C. § 2244(d).

### Facts and Procedural Posture

The petitioner, Sandra K. Ellis, is in the custody of the Mississippi Department of Corrections and is currently housed at the Washington County Regional Correctional Facility in Greenville, Mississippi. Ellis pleaded guilty to one (1) count of Robbery by Use of a Deadly Weapon in the Circuit Court of Desoto County, Mississippi. On August 26, 2010, she was sentenced to serve eight (8) years in the custody of the Mississippi Department of Corrections, with ten (10) years on post-release supervision. By statute, there is no direct appeal from a guilty plea. See Miss. Code Ann. § 99-35-101. Ellis did not file a motion for post-conviction relief within the AEDPA's one year statute of limitations (as stated in her *habeas corpus* petition and confirmed by the Mississippi Supreme Court Clerk).

### One-Year Limitations Period

Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) and (2).

Ellis' conviction became final on August 26, 2010, the date of her judgment of conviction. As such, the deadline for the filing of Ellis' federal *habeas corpus* petition was August 26, 2011, one year after her conviction became final. Ellis did not file a motion for post-conviction relief within the AEDPA's one year statute of limitations (as stated in her *habeas corpus* petition and confirmed by the Mississippi Supreme Court Clerk); as such, there is no statutory tolling of the limitations period. *Grillete v. Warden*, 372 F.3d 765, 769 (5th Cir. 2004); *Flannagan v. Johnson*, 154 F.3d 196, 201 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806 (5th Cir. 1998).

Under the "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district

court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case, the federal petition was filed sometime between the date it was signed on June 11, 2013, and it was received and stamped as "filed" in the district court on June 14, 2013. Giving the petitioner the benefit of the doubt by using the earlier date, the instant petition was filed 655 days after the August 26, 2011, filing deadline. The petitioner does not allege any "rare and exceptional" circumstance to warrant equitable tolling. *Ott v. Johnson,* 192 F.3d at 513-14. The instant petition will thus dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the _25th_ day of November, 2013.

/s/ Glen H. Davidson
SENIOR JUDGE